**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**RANDY L. BROOKS,**

       **Plaintiff,**           **CIVIL ACTION NO. 05-CV-60279-AA**

  vs.

                                **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**VISTEON CORPORATION,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION:** Defendants City of Sterling Heights, Sterling Heights Police Department and Lorna Batzloff's Motion to Dismiss filed on December 13, 2006 (docket no. 27) should be **GRANTED**, and this action should be dismissed without prejudice as to all remaining Defendants.  The Court further recommends that after 60 days from the date of entry of this Report an Order to Show Cause issue for Plaintiff to show cause why this action should not be dismissed with prejudice as to all remaining Defendants.

**II.   REPORT:**

    *A.   Facts and Procedural History*

This is a civil rights action filed by Plaintiff against his former employer, Visteon Corporation, and the City of Sterling Heights, the Sterling Heights Police Department, and Detective Lorna Batzloff.  (Docket no. 13).  Plaintiff claims that he was falsely accused, falsely arrested, falsely prosecuted and jailed, wrongfully denied his constitutional rights, defamed, and subjected to emotional distress.  (*Id.*)  Judge O'Meara dismissed all of Plaintiff's state law claims leaving only

-1-

his claims under 42 U.S.C. § 1983 for violation of his federal rights. (Docket no. 18). Judge O'Meara also allowed Plaintiff's counsel to withdraw from the case on August 2, 2006. (Docket no. 25). The Court ordered Plaintiff to obtain other counsel within sixty days or proceed *pro se*. (*Id*.) No other counsel entered an appearance for Plaintiff.

Defendants filed this Motion to Dismiss on December 13, 2006. (Docket no. 27). They seek either dismissal of the action for Plaintiff's failure to prosecute and his failure to cooperate in discovery, or to compel Plaintiff to cooperate in discovery. (*Id*.) Plaintiff has not responded to the motion, and the time for filing a response has now expired. Defendants' Motion to Dismiss has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 28). The Court heard oral argument on February 12, 2007 from Defendants' counsel, Mr. Morris. Plaintiff did not appear at the hearing.

Defendants show that they have unsuccessfully attempted to engage in discovery with Plaintiff. They served their First Interrogatories on January 25, 2006. (Docket no. 27, ex. B). Defendants allege that these are still unanswered. Defendants sent a Notice of Taking Deposition of Plaintiff to Plaintiff's last known address on November 22, 2006 setting the deposition for December 4, 2006. (*Id*., ex. C). The mailing of this Notice was returned as undeliverable. (*Id*.) Plaintiff failed to attend the deposition on December 4, according to Defendants. Discovery is set to end on February 15, 2007. (Docket no. 26). Defendants' counsel stated during the February 12 hearing that Plaintiff failed to attend a scheduled deposition on May 11, 2006. (Docket no. 27 at 7). Finally, Defendants state that Plaintiff's former counsel expressed that he has no way to contact Plaintiff. (*Id*. at 3).

Moreover, Plaintiff has failed to comply with orders of the Court. This Court entered an order on January 12, 2007 ordering Plaintiff to provide his current address by January 18, 2007. This Order warned Plaintiff that failure to comply could result in the dismissal of this action without further notice to him. (Docket no. 30). Plaintiff failed to comply with this Order. At this point, the Court has no way of contacting Plaintiff.

  *B.* *Governing Law*

Rule 41(b), Fed. R. Civ. P., allows a defendant to move for dismissal of the action based on the failure of the plaintiff to prosecute or to comply with these rules or any order of the court. Fed. R. Civ. P. 41(b). When reviewing such a dismissal the appellate court looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Schs.,* 138 F.3d 612, 615 (6th Cir. 1998).

  *C.* *Analysis*

After considering the factors identified in *Stough,* this action should be dismissed because of Plaintiff's failure to prosecute his case. With regard to the first factor, because Plaintiff has not responded to the motion to dismiss it is not clear why he has failed to keep the court advised of his current address and respond to Defendants' notices and this Court's orders. It is clear however that Plaintiff is either not keeping himself informed of the events of this case, such as the Court's order to provide his address, or willfully not complying with the Court's orders.

The second factor favors dismissal. Defendants show that discovery is set to end February 15, 2007. Because Plaintiff has not been available, they have been frustrated in their attempts to get their interrogatories answered and to depose Plaintiff.

The third factor also favors dismissal. The Court in its January 12, 2007 Order warned Plaintiff that his failure to provide a current address to Defendants and the Court could result in the dismissal of this action.

Finally, the last factor also favors dismissal. Because the Court has no way to contact Plaintiff, there are no less drastic sanctions that could be imposed that have any reasonable probability of being effective.

The Sixth Circuit has approved of the dismissal without prejudice of an action for failure to prosecute when the plaintiff failed to keep the court advised of his current address. *White v. City of Grand Rapids*, 34 Fed. App'x 210 (6th Cir. May 7, 2002). In *White* the plaintiff was out of touch for a little over a month. Here, Plaintiff has been out of contact for at least two months and likely up to six months since Plaintiff's counsel was allowed to withdraw. Moreover, Plaintiff has failed to comply with this Court's Order to provide an address. Accordingly, after considering the appropriate factors, this Court recommends that Plaintiff's action be dismissed without prejudice as to all remaining Defendants. The Court further recommends that after 60 days from the date of entry of this Report an Order to Show Cause issue for Plaintiff to show cause why this action should not be dismissed with prejudice as to all remaining Defendants.

### III.  **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 15, 2007                s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: February 15, 2007                s/ Lisa C. Bartlett
                                        Courtroom Deputy